UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

MICHAEL DAVID HEMINGWAY,

Plaintiff,

v.

CORCORAN SHO/CDCR, et al.,

Defendants.

Case No.: 1:26-cv-05503-EGC (PC)

**ORDER DIRECTING PLAINTIFF TO SUBMIT A COMPLETED AND SIGNED APPLICATION TO PROCEED IN FORMA PAUPERIS AND TO PROVIDE A WRITTEN EXPLANATION CONCERNING ENTRIES ON HIS INMATE STATEMENT REPORT**

30-DAY DEADLINE

Plaintiff Michael David Hemingway is appearing pro se in this civil rights action pursuant to 42 U.S.C. section 1983.

**I. BACKGROUND AND DISCUSSION**

On July 16, 2026, Plaintiff filed a complaint and an application to proceed *in forma pauperis* (IFP) pursuant to 28 U.S.C. § 1915. (*See* Docs. 1 & 2.) However, Plaintiff's application to proceed IFP is deficient because it is incomplete and does not include Plaintiff's required original signature. Each document submitted for filing must include the original signature of the filing party or parties. *See* Local Rule 131; Fed. R. Civ. P. 11(a). Further, Plaintiff submitted only the first page of the IFP application (*see* Doc. 2); the Court's IFP application is two pages and page two requires that the application be dated and signed. Plaintiff will be ordered to submit a completed (answering questions 1-7) and signed IFP application.

Additionally, following the Court's review of the deficient single-page IFP application, coupled with a review of Plaintiff's Inmate Statement Report, the Court requires additional information from Plaintiff. In his partial IFP application submitted July 16, Plaintiff declares he is unable to pay the filing fee, is not employed, and does not receive any money from the following: (a) business, profession, or self-employment; (b) rent payments, interest or dividends; (c) pensions, annuities or life insurance payments; (d) disability or workers' compensation payments; (e) gifts or inheritance, or (f) any "other sources." (Doc. 2.) Despite indicating he did not receive any monies from any "other sources," the Inmate Statement Report dated July 17, 2026, shows otherwise.

The Court observes Plaintiff has received ten "JPAY" deposits totaling $844.00 in the period between January 17 and July 17, 2026. Monies provided to Plaintiff via JPAY should be disclosed *and explained*. *See, e.g.*, *Owens v. Schultz*, No. 1:24-cv-00820-SKO, 2024 WL 3722881, at *1-2 (E.D. Cal. July 19, 2024) (directing plaintiff to "explain the sixteen JPAY entries appearing on his Inmate Statement Report"). Thus, Plaintiff will be required to explain the JPAY entries deposited into his account within the relevant period totaling $844.00, a combined sum greater than the $405 filing fee for this action.

Second, Plaintiff is advised that this Court may take into consideration purchases in determining whether an individual should be granted IFP status. *Olivares v. Marshall*, 59 F.3d 109, 112 (9th Cir. 1995) (citation omitted) (courts are entitled to consider plaintiffs' "economic choices about how to spend [their] money" when considering applications to proceed IFP); *see also* *Lumbert v. Illinois Dep't of Corr.*, 827 F.2d 257, 260 (7th Cir. 1987) ("If the inmate thinks that a more worthwhile use of his funds would be to buy peanuts and candy . . . than to file a civil rights suit, he has demonstrated an implied evaluation of the suit that the district court is entitled to honor"); *see also Owens*, 2024 WL 3722881, at *1-2. Here, the Court observes Plaintiff made five purchases within the relevant period totaling $782.27. Plaintiff will be directed to provide further information concerning the five "SALES" entries reflected on his Inmate Statement Report for the period between January 17 and July 17, 2026. Specifically, Plaintiff shall explain what he bought on those occasions so the Court can evaluate his economic choices.

## II. CONCLUSION AND ORDER

Accordingly, this Court **HEREBY ORDERS** that:

1. The Clerk of the Court is directed to send Plaintiff a blank IFP application, as well as a copy of the Inmate Statement Report dated July 17, 2026;
2. Plaintiff **SHALL** submit a *completed* and *signed* IFP application **within 30 days**;
3. **Within 30 days**, Plaintiff **SHALL** also submit a separate document explaining the ten JPAY entries appearing on his Inmate Statement Report, *and* (2) provide additional information concerning the five SALES entries appearing on his Inmate Statement Report; or
4. In the alternative, Plaintiff may pay the required $405 filing fee for this action.

**Plaintiff is advised that a failure to respond to this Order may result in a recommendation that this action be dismissed for a failure to obey court orders and failure to prosecute**.

IT IS SO ORDERED.

Dated: **July 20, 2026**

Erin Sung Castillo (signature)

UNITED STATES MAGISTRATE JUDGE