UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL DAVID HEMINGWAY,<br>Plaintiff,<br>v.<br>CORCORAN SHO/CDCR, et al.,<br>Defendants. | Case No.: 1:26-cv-05503-JLT-EGC (PC)<br>**ORDER REGARDING PLAINTIFF'S MOTION FOR EXTENSION OF TIME REGARDING FILING FEE**<br>(Doc. 9) |

Plaintiff Michael David Hemingway is appearing pro se in this civil rights action pursuant to 42 U.S.C. section 1983.

**I. BACKGROUND**

On July 16, 2026, Plaintiff filed a complaint and an application to proceed *in forma pauperis* (IFP) pursuant to 28 U.S.C. § 1915. (*See* Docs. 1 & 2.)

On July 21, 2026, the Court issued its Order Directing Plaintiff to Submit a Completed and Signed Application to Proceed In Forma Pauperis and to Provide a Written Explanation Concerning Entries on his Inmate Statement Report. (Doc. 6.) Specifically, Plaintiff was ordered to submit a completed and signed IFP application within 30 days, as well as a separate document explaining the ten JPAY entries and five SALES entries appearing on his Inmate Statement Report. (*Id.* at 3.) Alternatively, Plaintiff was advised that he could pay the required $405 filing fee for this action within that same period. (*Id.*)

On August 3, 2026, Plaintiff submitted an untitled one-page document, docketed as a motion for an extension of time regarding filing fee. (Doc. 9.)

**II. DISCUSSION**

Plaintiff's motion states in its entirety: "As to my 'in forma pauperis' I will withdraw it. However, if I am to pay the $435 [sic] filing fee up front, I will need a 6-month extension. Thank you." (Doc. 9.)

The Prisoner Litigation Reform Act (PLRA) allows the Court to give a prisoner plaintiff the ability to proceed with his case without prepaying the civil case filing fee. 28 U.S.C. § 1915(a)(2). When funds exist, the prisoner must pay an initial partial filing fee. 28 U.S.C. § 1915(b)(1). He must then pay the balance of the $350 filing fee over time, through deductions from his prisoner account. *Id.* Alternatively, a prisoner plaintiff may pay the full $405 filing fee for an action. To proceed IFP in a prisoner civil rights action is a privilege, not a right. *Smart v. Heinze*, 347 F.2d 114, 116 (9th Cir. 1965). In any event, without payment of the filing fee, this action cannot proceed. *See Saddozai v. Davis*, 35 F.4th 705, 709 (9th Cir. 2022).

Here, Plaintiff was asked to provide completed and signed IFP application and additional information concerning his Inmate Statement Report that would allow the Court to decide whether Plaintiff should be permitted to proceed IFP. (*See* Doc. 6.) Rather than provide a completed and signed IFP application and the explanations requested, Plaintiff now states he wishes to withdraw his IFP application. That is his prerogative and his request will be honored. But then Plaintiff states he "will need a 6-month extension" to pay the full filing fee for this action. That request will not be accommodated.[1] When a party is required to pay the full filing fee for an action, this Court typically orders the filing fee to be paid within 30 days. That 30-day deadline might be extended upon a showing of good cause in a few cases but extensions are not granted automatically upon request. In this instance, Plaintiff fails to show good cause for a 6-month extension of time. Hence, Plaintiff's request will be denied.

---

[1] *See, e.g.*, *Leon v. Sedlak*, No. 2:23-cv-1336-JLR-GJL, 2024 WL 895373, at *2 (W.D. Wash. Mar. 1, 2024) (denying 60-day motion for extension to pay filing fee and granting plaintiff an "additional two weeks to pay the $405 filing fee").

The undersigned observes that Plaintiff's complaint indicates his claims arose on July 9, 2025. (*See* Doc. 1 at 3, 8.) Thus, just over one year has passed since the incident giving rise to his claims occurred. At present then, there are no concerns regarding a statute of limitations bar. Given the procedural posture of this case and Plaintiff's desire to withdraw his IFP application, coupled with the denial of his request for 6-month extension of time to pay the full filing fee, the undersigned will direct the Clerk of the Court to strike the application proceed IFP filed on July 16, 2026 (Doc. 2), deny Plaintiff's request for 6-month extension of time (Doc. 9), and grant Plaintiff 30 days within which to pay the full filing fee for this action. In the event Plaintiff cannot pay the full $405 filing fee before the 30-day deadline expires, he may file a request for an extension of time supported by good cause. In any such request, Plaintiff must explain what portion of the filing fee he has saved to that point, identify the source of any anticipated funds, and state when he expects to have the funds available to pay the full filing fee. Plaintiff is forewarned that a lengthy extension request – like his 6-month request herein – is not likely to be granted absent extraordinary circumstances.

There remains another alternative available to Plaintiff. Plaintiff may elect to file a notice of voluntary dismissal of this action pursuant to Rule 41(a)(1)(A) of the Federal Rules of Civil Procedure. Such a dismissal is without prejudice and would allow Plaintiff to re-file his complaint in this Court at a later date — once he is able to submit the full $405 filing fee simultaneously with the complaint. Should Plaintiff elect to file a notice of voluntary dismissal in this action, he will not be required to pay a filing fee and this action will be dismissed without prejudice, allowing Plaintiff to re-file his complaint at a later date and presumably before any statute of limitations was implicated. If Plaintiff wishes to pursue this course of action, he may file a notice of voluntary dismissal within 30 days to avoid having to pay the filing fee.

## III. CONCLUSION AND ORDER

Accordingly, for the reasons stated above, the Court **HEREBY ORDERS** that:

1. Plaintiff's application to proceed IFP (Doc. 2) filed July 16, 2026, is **WITHDRAWN** at Plaintiff's request. The Clerk of the Court is directed to modify the docket accordingly;

2. Plaintiff's request for a 6-month extension of time within which to pay the full $405 filing fee (Doc. 9) is **DENIED**; and
3. Plaintiff is **GRANTED** a 30-day extension of time, from the date of service of this order, within which to pay the full $405 filing fee for this action or to submit a notice of voluntary dismissal pursuant to Rule 41(a)(1)(A) of the Federal Rules of Civil Procedure.

**WARNING: Failure to comply with this order may result in a recommendation that this action be dismissed for Plaintiff's failure to comply with court orders and failure to prosecute**.

IT IS SO ORDERED.

Dated: **August 5, 2026**

UNITED STATES MAGISTRATE JUDGE